UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RUBEN ZAVALA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | SA-18-CA-00115-OLG |
| | § | |
| NICHOLAS LAHOOD, | § | |
| Bexar County Criminal District Attorney; | § | |
| | § | |
| JARVIS ANDERSON, Director, | § | |
| Bexar County Adult Probation Office; and | § | |
| | § | |
| RODOLFO PEREZ, JR., Director, | § | |
| Travis County Adult Probation Office, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Christopher Ruben Zavala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondents' Answers (ECF Nos. 13, 15), and Petitioner's replies (ECF Nos. 14, 16) thereto.[1] Having reviewed the record and pleadings submitted by each party, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Procedural History

#### A. Pretrial Proceedings

Petitioner was indicted on August 22, 2012, for online solicitation of a minor in violation of Texas Penal Code § 33.021. At the time of Petitioner's April 2012 offense, § 33.021 provided in relevant part:

---

[1] Petitioner is represented by counsel in these proceedings and has paid the applicable filing fee.

(c)  A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

(d)  It is not a defense to prosecution under Subsection (c) that:

(1) the meeting did not occur;

(2) the actor did not intend for the meeting to occur; or

(3) the actor was engaged in a fantasy at the time of commission of the offense.

Following his indictment, Petitioner filed a pretrial application for a writ of habeas corpus challenging the constitutionality of § 33.021 as facially vague, arguing that subsections (c) and (d) of the statute are "fully contradictory" or "at best inherently inconsistent" with regard to the issue of intent. ECF No. 11-1 at 4. The application was referred to a magistrate judge who denied the application on April 10, 2013. *Id.* at 14-15. Petitioner subsequently appealed the writ's denial. On December 11, 2013, the Fourth Court of Appeals issued a published opinion wherein the court concluded that § 33.021 is not contradictory and affirmed the trial court's denial of Petitioner's pretrial writ. *Ex parte Zavala*, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd). Petitioner then sought discretionary review of this decision, which was denied by the Texas Court of Criminal Appeals on June 4, 2014. *Ex parte Zavala*, No. 0189-14 (Tex. Crim. App.).

On July 29, 2014, Petitioner filed an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas. *See Zavala v. Texas, et al.*, 5:14-CV-00679-DAE. Petitioner sought "to prevent an unlawful conviction based on a facially unconstitutional state statute . . ." *Id.* (ECF No. 1 at 2). Under the Supreme Court's precedent in *Younger v. Harris*, 401 U.S. 37 (1971), the case was

dismissed without prejudice as premature. *Id.* (ECF No. 4 at 2). This decision was affirmed by the Fifth Circuit Court of Appeals on May 18, 2015, and the Supreme Court denied certiorari on November 17, 2015. *Id.* (ECF Nos. 8, 9).

Thereafter, Petitioner returned to the trial court and filed a second application for a writ of habeas corpus on January 6, 2016. Petitioner again asserted his claim that Texas Penal Code § 33.021 is facially unconstitutional, and argued that recent legislative changes made to the statute in 2015 supported his claim.[2] ECF No. 11-3 at 30-34. The application was again referred to a magistrate judge who denied the second writ on January 22, 2016. *Id.* at 87. Petitioner did not appeal the denial of his second pretrial writ.

## B. The Trial

On the first day of trial, the trial court granted the State's motion in limine to exclude any evidence or argument in support of the "statutorily precluded defenses" listed in Texas Penal Code § 33.021(d)— i.e., that the solicited meeting did not occur, that Petitioner did not intend for the meeting to occur, or that Petitioner was engaged in a fantasy at the time of the solicitation. ECF No. 11-3 at 105-08. Petitioner then testified at his trial, admitting he engaged in several sexually explicit on-line conversations with "Victoria," a person representing themselves as a fifteen-year-old female, in August of 2012.[3] ECF No. 11-8 at 96-97. Petitioner also admitted to

---

[2] The Texas legislature amended § 33.021 on April 9, 2015, by altering subsection (b) and removing subsections (d)(2) and (d)(3), the "defense preclusions." ECF No. 11-3 at 44. The amending legislation also states:

> SECTION 3. The change in law made by this Act applies only to an offense committed on or after the effective date [September 1, 2015] of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

2015 Tex. Sess. Law Serv. Ch. 61 (S.B. 344) (84th Sess. May 22, 2015); *see also* ECF No. 11-3 at 45.

[3] The person with whom Petitioner was "chatting" was actually a San Antonio police detective posing as "Victoria," using the online name "sa_qt_pie2104."

3

messaging Victoria about traveling to San Antonio to engage in sexual intercourse with her, but denied that he actually intended to travel to San Antonio and meet Victoria in person. *Id.* at 81. Although Petitioner messaged Victoria that he "was serious" about traveling to San Antonio, he testified at trial that "[i]t was just a fantasy." *Id.* at 75-76, 82-83. Petitioner agreed he solicited Victoria to meet for the purpose of sexual contact, but denied being guilty, arguing he lacked the intent to actually follow through with the meeting. *Id.* at 97-98, 126.

On January 28, 2016, a jury found Petitioner guilty of online solicitation of a minor, a second-degree felony. ECF No. 11-3 at 131, 183. Following a separate punishment proceeding, the trial court assessed punishment at a term of ten years' incarceration, probated the sentence, and placed Petitioner on a ten-year term of community supervision. ECF No. 11-10 at 20.

### C. Postconviction Proceedings

On direct appeal, Petitioner asserted the trial court erred in denying his second pretrial application for a writ of habeas corpus challenging the constitutionality of Texas Penal Code § 33.021(c). In a decision dated May 31, 2017, the Fourth Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction because "Zavala failed to timely file a notice of appeal" following the denial of his second pretrial writ. *Zavala v. State*, No. 04-16-00225-CR, 2017 WL 2351350, at *2-4 (Tex. App.—San Antonio 2017, no pet.). Petitioner did not seek discretionary review of this decision from the Texas Court of Criminal Appeals.

Instead, Petitioner now seeks habeas corpus relief from this Court, asserting the version of Texas Penal Code § 33.021 under which he was convicted—in particular, subsections (c) and (d)—was unconstitutionally vague on its face. Specifically, Petitioner contends that "a criminal statute cannot require an element of 'intent' for criminal prosecution and then directly afterward negate the same 'intent' requirement within the same statute." ECF No. 1 at 4.

4

## II. Exhaustion and Timeliness

Respondents first contend that Petitioner's federal habeas petition is untimely under the one-year limitations period set forth in 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

In this case, the Fourth Court of Appeals dismissed Petitioner's direct appeal in an opinion dated May 31, 2017. *Zavala*, 2017 WL 2351350, at *1. Accordingly, Petitioner's conviction became final and the statute of limitations on his federal habeas action began to run on June 30, 2017, when the time expired for seeking discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). This is notwithstanding the fact that the appellate court dismissed the appeal for want of jurisdiction. *Foreman v. Dretke*, 383 F.3d 336, 341 (5th Cir. 2004). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on June 30, 2018. The federal habeas petition, filed February 5, 2018, was therefore timely.

Respondents also contend Petitioner's claims were not properly exhausted and are thus procedurally barred from federal habeas corpus relief. A federal habeas claim brought by a Texas petitioner is exhausted if the petitioner presented the claim to the Texas Court of Criminal

Appeals in a procedurally correct manner. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Here, Petitioner properly exhausted his federal habeas claim by seeking discretionary review of the Fourth Court of Appeals' decision finding the challenged statute constitutional in his first pretrial state habeas action. The Court will therefore address Petitioner's claim on the merits.

### III. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different

conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### IV. Merits Analysis

As previously stated, the statute in effect at the time of Petitioner's crime provided, in relevant part:

> (c) A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.
>
> (d) It is not a defense to prosecution under Subsection (c) that:
>
> (1) the meeting did not occur;
>
> (2) the actor did not intend for the meeting to occur; or
>
> (3) the actor was engaged in a fantasy at the time of commission of the offense.

Tex. Penal Code § 33.021.

Petitioner contends the statute of conviction is facially unconstitutional because subsections (c) and (d) contradict each other on the element of intent, thereby causing the statute

7

to be internally inconsistent and unconstitutionally vague. The Texas Fourth Court of Appeals considered this question during Petitioner's first pretrial state habeas proceedings and held the statute was not unconstitutionally vague. *Ex parte Zavala*, 421 S.W.3d at 231. However, the Texas Court of Criminal Appeals summarily denied discretionary review of this decision without written order. Because this Court is presented with the reasoned opinion of the intermediate appellate court followed by an "unreasoned" affirmation of that court's decision, it must "look through" the higher court's affirmation to the last reasoned opinion and decide whether the reasoned opinion was contrary to or an unreasonable application of federal law. *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018); *Uranga v. Davis*, 82 F.3d 282, 287 n.33 (5th Cir. 2018).

In this case, the last reasoned state court decision was issued by the Fourth Court of Appeals, which found the statute not void for vagueness because it was not contradictory, concluding:

> The crime of soliciting a minor under section 33.021(c) is committed, and is completed, at the time of the request, i.e., the solicitation. *Id.* The requisite intent arises within the conduct of soliciting the minor, and must exist at the time of the prohibited conduct of solicitation. *Id.* Indeed, it is the requirement that the defendant must solicit "with the intent that the minor will engage in sexual contact" that operates to make otherwise innocent conduct, i.e., soliciting a minor to meet, into criminal conduct. It follows then, that for purposes of a subsection (c) solicitation offense, it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation. Tex. Penal Code Ann. § 33.021(d). Thus, subsection (d) does not conflict with or negate the intent element of the solicitation-of-a-minor offense defined by (c).

*Ex parte Zavala*, 421 S.W.3d at 231-32.

Petitioner fails to demonstrate the intermediate appellate court's decision was either contrary to or an unreasonable application of clearly established federal law. Petitioner points to

8

no Supreme Court precedent establishing that the relevant statute is unconstitutionally vague because it is internally inconsistent with regard to intent. This issue has not been the subject of a Supreme Court opinion, presumably because the states have uniformly prohibited the on-line solicitation of a minor to engage in sexual behavior.[4] Indeed, the Supreme Court generally allows the states to define the parameters of criminal conduct. A "'state legislature certainly has the authority to identify the elements of the offenses it wishes to punish,' [] and to exclude evidence irrelevant to the crime it has defined." *Montana v. Egelhoff*, 518 U.S. 37, 57 (1996). The Supreme Court "has never articulated a general constitutional doctrine of mens rea," and it has never held that a state's definition of a crime must include a mens rea element. *Powell v. Texas*, 392 U.S. 514, 535 (1968). "The doctrines of actus reus, mens rea, [and] justification . . . have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing . . . views of the nature of man. This process of adjustment has always been the province of states." *Egelhoff*, 518 U.S. at 56.

Petitioner attempts to establish the intermediate appellate court's decision was an unreasonable application of the void for vagueness doctrine discussed in *Kolender v. Lawson*, 461 U.S. 352 (1983). But *Kolender* held a loitering statute was unconstitutionally vague because it did not clarify the requirement that a suspect provide a "credible and reliable" identification, not because the statute was internally inconsistent with regard to intent. Regardless, under the void for vagueness doctrine, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . ." *Kolender*, 461

---

[4] The states that have statutes similar to Texas' statute prohibiting the solicitation of a minor are Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

U.S. at 357; *Hill v. Colorado*, 530 U.S. 703, 732 (2000). A statute can be impermissibly vague for either of two reasons: (1) if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, or (2) if it authorizes or encourages arbitrary and discriminatory enforcement. *Chicago v. Morales*, 527 U.S. 41, 56-57 (1999).

Petitioner does not assert that the statute authorizes or encourages arbitrary or discriminatory enforcement. Rather, he contends Texas Penal Code § 33.021(c) does not provide fair notice of what conduct is prohibited "due to its inherent conflict regarding the element of intent." ECF No. 1 at 23. As the Supreme Court has explained, "[w]hat renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). There is no such indeterminacy here. The statute requires the defendant to solicit a minor to engage in sexual conduct, an act prohibited by law due to the victim's minority. Those elements are "clear questions of fact." *Williams*, 553 U.S. at 306. The relevant facts in this matter being: (1) did the defendant; (2) communicate via the internet; (3) to a minor; (4) that they wished to meet; (5) for the purpose of engaging in sex.

In denying an identical claim, the Texas Court of Criminal Appeals explained:

> As we discussed in the context of Wheeler's overbreadth challenges, if a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity. *Maloney*, 294 S.W.3d at 625. *We have construed subsection (c) to require proof of specific intent to meet at the time of the solicitation, and we hold that subsection (d)(2) refers only to the solicitor's intent post-solicitation.* This construction of the statute eliminates any supposed conflict between subsection (c) and subsection (d)(2). *See Ex parte Zavala*, 421 S.W.3d at 232 (concluding that Penal Code sections 33.021(c) and (d)(2) are not contradictory and rejecting vagueness challenge based on asserted contradiction). Accordingly, we hold that Penal Code section 33.021 is not unconstitutionally vague.

*Ex parte Wheeler*, 478 S.W.3d 89, 96 (Tex. Crim. App. 2015) (emphasis added). Accordingly, the crux of the Texas appellate courts' opinions finding § 33.021(c) constitutional is that the crime is completed when the defendant solicits the minor to meet to engage in sexual activity. *Ex parte Ingram*, 533 S.W.3d 887, 893-900 (Tex. Crim. App. 2017); *Ex parte Lo*, 424 S.W.3d 10, 16-17 (Tex. Crim. App. 2013) ("it is the conduct of requesting a minor to engage in illegal sexual acts that is the gravamen of the offense."). In other words, there is no "inherent conflict regarding the element of intent"—the statute clearly proscribes the knowing solicitation of a minor for the purpose of engaging in sexual conduct, and that the crime is completed at the time of the solicitation, not when the meeting occurs. Thus, because "fairminded jurists" certainly could agree with the Texas Court of Criminal Appeals and the Fourth Court of Criminal Appeals that the statute is not unconstitutionally indeterminate or vague, federal habeas relief is unwarranted. *Richter*, 562 U.S. at 101.

Finally, Petitioner relies on the "minority opinion" of the Texas Court of Criminal Appeals in *Ex parte Ingram*, 533 S.W.3d 887, 899 (Tex. Crim. App. 2017), as well as various decisions from the Fifth Circuit Court of Appeals to support his conclusions. But again, none of the cases cited by Petitioner provide "clearly established federal law" with regard to the issue presented in this matter, much less give a "clear answer to the question presented." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008). Habeas relief cannot be granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams v. Taylor*, 529 U.S. 362, 381 (2000); see *Turner v. Quarterman*, 481 F.3d 292, 300 (5th Cir. 2007) ("Because Turner is unable to point to any clearly established federal law under which the terms of the Texas sentencing instructions could be unconstitutionally vague, he is unable to make a substantial showing of the denial of a

federal constitutional right"). Further, as the Supreme Court has previously explained:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

*White v. Woodall*, 572 U.S. 415, 426 (2014). (citations and quotation marks omitted). For the above reasons, federal habeas relief is denied.

## V. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his pretrial habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Christopher Ruben Zavala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this the _____ 29 day of November, 2018.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**